**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-4330**

───────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

KENNETH LOUIS DAVIS,

                                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (CR-02-552)

───────────────

Submitted:  December 10, 2003          Decided:  May 7, 2004

───────────────

Before LUTTIG, GREGORY, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Frank W. Dunham, Jr., Federal Public Defender, Ivan D. Davis, Assistant Federal Public Defender, Francis H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Patrick F. Stokes, Erik Barnett, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Louis Davis appeals from the judgment of the district court convicting him for his role in a series of armed robberies and sentencing him to 762 months imprisonment. Finding no error, we affirm.

Davis first claims that the district court abused its discretion by limiting his cross-examination of Ella Mallory to explore her potential bias. We agree with the district court that the remoteness of an unspecified altercation between Mallory's son and another Government witness was lacking in any probative value. Moreover, despite the court's admonition, Davis inquired into the area of Mallory's potential bias, rendering error, if any, harmless. See Idaho v. Wright, 497 U.S. 805, 823 (1990) (applying harmless error standard of Chapman v. California, 386 U.S. 18 (1967), in context of Confrontation Clause challenge). We deny relief on this claim.

Davis next asserts that the district court erred in denying his motion for a judgment of acquittal because "no rational juror could find that Mr. Davis matched the height and build of the robber." (Appellant's Br. at 23). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Glasser, 315 U.S. 60, 80 (1942). This court does not weigh the evidence or determine the credibility of the witnesses. United

States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). Our review of the record discloses substantial evidence supporting the identification of Davis as the robber of the Exxon gas station, notwithstanding the discrepancies among some witnesses' descriptions of the robber's height. We will not substitute our judgment for that of the jury on this factual matter. Accordingly, we likewise deny relief on this claim.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED